**SMILEY, Co. Treas., v. BOATRIGHT.**

No. 17265—Opinion Filed May 18, 1926.

Rehearing Denied March 8, 1927.

**Taxation — Statute Authorizing County to Pay Commissions on Collection of Delinquent Personal Taxes—Invalidity of Contract with Deputy Sheriff.**

Under section 5895, Comp. Stats. 1921, the sheriff of Tulsa county appointed the plaintiff his lawful deputy to assist in the performance of the duties of his office, and under section 9727, Comp. Stats. 1921, and the amendment thereto, as contained in chap-

ter 36, page 54, Session Laws 1925, it is made the duty of the sheriff to collect all delinquent taxes under alias tax warrants issued by the county treasurer in the manner therein provided. The appointment of the plaintiff by the county commissioners as a special agent to collect said taxes, while holding the office of deputy sheriff, was unauthorized and she is not entitled to collect a 15 per cent. commission for taxes collected by her for performing a plain duty required by statute of the sheriff and for which compensation is already provided by law.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County: Luther James, Judge.

Mandamus by Dolly Boatright to compel John L. Smiley, as County Treasurer of Tulsa County, Okla., to pay her a commission for collection of delinquent taxes on alias tax warrants. Judgment for plaintiff, and defendant brings error. Reversed, with orders.

Byron Kirkpatrick, Co. Atty., and James Harrington, Asst. Co. Atty., for plaintiff in error.

Thomas I. Munroe, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Tulsa county, Okla., by Dolly Boatright, defendant in error, plaintiff below, against John L. Smiley, as county treasurer of Tulsa county, Okla., plaintiff in error, defendant below, for a writ of mandamus to compel the plaintiff in error to pay the defendant in error out of the treasury of Tulsa county the sum of $1,781.45, as a commission for the collection of delinquent taxes on alias tax warrants. The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

The trial court issued the peremptory writ of mandamus, and entered a final decree requiring the county treasurer to pay the plaintiff the sum of $1,781.49 and costs. Motion for new trial was filed, heard, and overruled; exceptions reserved, and the cause comes regularly upon appeal to this court for review.

It is conceded by both parties to this action: That John L. Smiley was the county treasurer of Tulsa county; that he issued tax warrants and delivered them to the sheriff of Tulsa county, which were returned by said sheriff uncollected; that thereafter he issued alias tax warrants and delivered the same to the sheriff for collection; that the plaintiff, Dolly Boatright, at the time was a deputy sheriff holding a commission under the sheriff of Tulsa county; that, under a resolution of the board of county commissioners, she entered into a contract with said commissioners for special employment to collect said delinquent taxes under alias tax warrants; that the alias warrants were turned over to her by the sheriff, and she collected a sufficient amount of taxes to entitle her to the amount asked for as her commission of 15 per cent., if said employment and such collection were legal under the Act of the Tenth Legislature of Oklahoma, chapter 36, page 54, of the Session Laws of 1925, which is amendatory of section 9727 of the Compiled Oklahoma Statutes of 1921.

It is contended by attorneys for the defendant treasurer that, as deputy sheriff of Tulsa county, it was her duty to collect the taxes, and that only such fees could be charged for such collection as the sheriff, her superior officer, was entitled to charge, and that said fee should be paid to the sheriff of the county, and it is further contended that the statute should be construed by this court so that she should not be allowed any fees under her contract for the collection of taxes under the alias warrants issued by the treasurer of the county, and that she could only, if her contract were legal, charge a commission under the law, above referred to, on delinquent taxes collected by her under alias tax warrants issued by herself.

Attorney for plaintiff contends that it was immaterial who issued the alias tax warrants, and that under the act above referred to the plaintiff, as special collector, had the same authority as the county treasurer to issue alias tax warrants, and that the authority of the said special collector and the treasurer of the county was for this purpose concurrent, and it was further contended that it was immaterial that the plaintiff in this case was at the time of entering into the contract and at the time of the collection of the delinquent taxes a regularly appointed deputy sheriff of Tulsa county.

It only remains then for this court to construe the statute under which this claim arises. That part of the amended section necessary to a decision in this case is as follows:

"Section 9727. Whenever any tax warrant issued under the provisions of this article shall be returned uncollected, it shall be the duty of the county treasurer to issue an alias tax warrant for the collection of such tax to the sheriff of his county, or to the sheriff of any other county, wherein any

real or personal property of the delinquent taxpayer may be found, and it shall be the duty of any such officer to collect such delinquent tax, together with all accrued costs and penalties, together with his own costs upon the same, the same as upon executions, and after collecting said taxes, to forward the same to the treasurer of the county issuing said warrant, together with the warrant and his return indorsed thereon. The county treasurer shall, after the first warrants have been returned, issue alias warrants to the sheriff of his county, or to the sheriff of any other county wherein any property of the delinquent taxpayer may be found for the delinquent personal taxes, and it shall be the duty of the officer receiving such alias warrant to levy upon any property, real or personal, of the delinquent taxpayer, and to advertise and sell the same as upon execution; provided, that the board of county commissioners in any county in this state may, by resolution, at any general or special meeting of such board, employ a competent person for a period not exceeding two years, who shall take the constitutional oath of office, and shall execute a bond to such county with a surety company authorized to do business in this state, as surety, to be approved by the board of county commissioners, guaranteeing the payment of all moneys collected for the county to the county treasurer of such county within ten days after the collection thereof, and conditioned for the faithful and diligent collections by such person, of all the delinquent personal taxes of such county. The amount of said bond shall be fixed by the board of county commissioners, and in no case to be less than $5,000. Said person shall have, for the purpose of collecting delinquent personal taxes, the same authority as the county treasurer, to issue alias tax warrants, and shall have the same authority as the sheriff to serve, levy, and collect payment of such alias tax warrants, interest, penalty, and costs. The remuneration of such person shall not exceed 15 per cent. of the amount of tax recovered."

It will be observed that, in the first part of the section above quoted, it is provided that the county treasurer, after the original warrant has been returned uncollected, shall issue alias warrants to the sheriff of the county, or to the sheriff of any other county, wherein any property of the delinquent taxpayer might be found, and it is made the duty of the sheriff of that county, or the sheriff of another county, to levy upon the property, real or personal, of the delinquent taxpayer and to sell the same as upon execution. The alias warrants in this case were issued and delivered by the treasurer to the sheriff of the county. The sheriff, in turn, delivered the alias tax warrants to his deputy, Dolly Boatright, plaintiff in this case,

who had been regularly appointed, as it is admitted here, a deputy sheriff, under section 5895, Comp. Stats. 1921, and the sheriff is made, under said section of the statute, responsible on his official bond for the action of his deputy. Under such circumstances, we are of the opinion that the acts of the deputy, so appointed, were the acts of the sheriff himself, for which he is responsible. Under the law above quoted, the duty of the sheriff is clearly defined, and under section 5895, referred to above, the sheriff is authorized to appoint "such number of deputy sheriffs as the business of his office may require," and we take it that a proper construction of this statute is that he appointed Miss Boatright, the plaintiff here, as a deputy to perform the duties of his office, one of which was to collect delinquent taxes due the county, under both original and alias tax warrants issued to him by the county treasurer. In our view of the situation presented here, the contract sought to be enforced in this action is the same as if it had been made with the sheriff of the county himself, and we are of the opinion that the Legislature never intended that the additional compensation of 15 per cent. commission for the collection of taxes should be paid to any officer in this state for performing a plain duty imposed upon him by the statute law of this state. It is no less the duty of the deputy sheriffs of this state to perform the duties required of the sheriffs, their superior officers, than it is the duty of the sheriffs themselves, and they are not entitled to receive any greater pay for their services than the sheriffs in carrying out the business of the office of county sheriff. We think, upon the broad ground of public policy, that the taxpayers of this state should be relieved of paying out of the revenue, collected to run this government, additional amounts for the performance of a duty clearly imposed by statute upon the officer and his deputies. While we do not find, and do not charge, and are not justified by the record in finding, that there was any improper arrangement or understanding between the sheriff and his deputy in this case, yet we are of the opinion that no possibility of such an arrangement should be allowed to exist between the sheriff and his deputy. To hold otherwise in this case would afford an opportunity for a sheriff to return the original tax warrants, a treasurer to issue alias warrants, and the sheriff then to turn same over to a deputy in his office, who has secured a contract with the county commissioners, and in that way succeed in depriving the taxpayers of his

county of a large amount of revenue to which they are entitled and for which he is being paid as the officer of a county to perform, without this unnecessary charge. Holding, as we do, that the plaintiff in this case, as the legally appointed and acting deputy sheriff of Tulsa county, or her superior officer, the sheriff, was required by the statute law of the state to collect the delinquent taxes in the first instance, upon the tax warrant, or failing in that, under the alias warrant, we are constrained to hold that the deputy sheriff, the plaintiff in this case, is not entitled to recover as a special officer, under contract with the commissioners, while acting under a commission as deputy sheriff of Tulsa county. It then becomes unnecessary to a decision in this case to pass upon the question as to the effect as to who issued the tax warrants, the treasurer or the special officer.

We are, therefore, of the opinion that the judgment of the lower court should be reversed, with orders to dismiss the plaintiff's petition.

By the Court: It is so ordered.